# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2010

No. 09-30522
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MORRIS VIRDEAN WARNER, also known as Morris V. Warner,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-10-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Morris Virdean Warner appeals from his conviction of access device fraud and bank fraud. Warner moves that appointed counsel be relieved and new counsel be appointed; that motion is denied.

Warner contends that the district court erred by ordering him to pay restitution to several banks that were not listed in the indictment and as to which no evidence was produced at trial. He argues that the Mandatory Victim Restitution Act (MVRA) limits restitution to harm caused by the conduct

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underlying the offense of conviction.  Because the bank fraud statute requires that specific banks be targeted, Warner argues that only those banks could serve as targets of his bank fraud scheme or artifice and that, therefore, only those banks may be considered victims of the offense of conviction.

"This court reviews the legality of a restitution order de novo and the amount of the restitution order for an abuse of discretion." *United States v. Arledge,* 553 F.3d 881, 897 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 2028 (2009). "[A]n order of restitution must be limited to losses caused by the specific conduct underlying the offense of conviction." *Id.* at 899.  However, "[w]here a fraudulent scheme is an element of the conviction, the court may award restitution for 'actions pursuant to that scheme.'" *United States v. Cothran,* 302 F.3d 279, 289 (5th Cir. 2002) (citation omitted).  A scheme or artifice to defraud is an element of bank fraud.  *See* 18 U.S.C. § 1344.

Warner was charged with one scheme to defraud the three banks named in the redacted superseding indictment.  The evidence presented at his sentencing hearing indicated that he employed the same methods to deprive the seven financial institutions not listed in the redacted superseding indictment that he used against the three named institutions.  He also committed his acts against the nonlisted institutions during the time frame listed in the indictment. The district court did not err by determining that the seven financial institutions were victims for MVRA purposes, and the restitution portion of Warner's sentence is affirmed.  *See United States v. Inman,* 411 F.3d 591, 595 (5th Cir. 2005); *Cothran,* 302 F.3d at 289. We also conclude that Warner's motion to substitute counsel is neither timely nor well-taken.

AFFIRMED.  MOTION TO SUBSTITUTE COUNSEL DENIED.